IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

STEPHANIE ENERVOLD-MACIER,

    Plaintiff,

vs.

CASE NO.:
DIVISION:

PARADISE INN HOSTEL, LLC, a Florida limited liability company, STANDARD MANAGEMENT SERVICES DELAWARE, LLC, a foreign limited liability company, and KEYS POOL SERVICE, LLC, a Florida limited liability company,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEPHANIE ENERVOLD-MACIER, hereby sues Defendants, PARADISE INN HOSTEL, LLC, a Florida limited liability company, STANDARD MANAGEMENT SERVICES DELAWARE, LLC ("SMS"), a foreign limited liability company, and KEYS POOL SERVICE, LLC, a Florida limited liability company, and states as follows:

### Jurisdiction

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs and attorneys' fees.

2. At all times material to this action, Plaintiff, STEPHANIE ENERVOLD-MACIER, was and is a resident of the state of Illinois.

3. At all times material to this action, Defendant, PARADISE INN HOSTEL, was and is a Florida limited liability company organized, existing, and/or operating under the laws of the state of Florida. It has one or more managing member that is a citizen of Florida, namely Standard Management Services Delaware LLC, 14 NE 1st Avenue, Suite 805, Miami, Florida 33132.

*STEPHANIE ENERVOLD-MACIER v. Paradise Inn Hostel, LLC et al*
*Complaint*

4. Defendant, PARADISE INN HOSTEL has its principal place of business located at 819 Simonton Street, Key West, Florida, 33040.

5. Defendant, PARADISE INN HOSTEL, may be served with process through its duly appointed registered agent, Gustaf Arnoldsson, at 14 NE 1st Avenue, Unit 805, Miami, Florida 33132.

6. At all times material to this action, Defendant, SMS, was and is a foreign corporation doing business in the State of Florida, for which it receives substantial revenue. SMS has designated Jesper Arnoldsson at 14 NE 1st Avenue, Unit 805, Miami, Florida 33132, as its registered agent for service of process.

7. Defendant, SMS, submitted itself to the jurisdiction of this Honorable Court by doing personally, or through its agents, at all times material to this action, the following acts:

(a) Conducting and engaging in substantial business and other activities in Florida by selling its management services in Florida, including at the Subject Hotel, to persons, firms, customers, or corporations in this state. Such services were used by consumers in Florida in the ordinary course of commerce and trade;

(b) Committing a tortious act within this state by negligently maintaining the Subject Hotel; and

(c) Causing injury to persons in Florida, including Plaintiff, STEPHANIE ENERVOLD-MACIER. At or about the time said injuries occurred, Defendant, SMS, engaged in solicitation activities in Florida to promote the sale, consumption, use, maintenance and repair of its hotels and properties, and, SMS's services were consumed within Florida in the ordinary course of commerce, and, SMS was engaged in substantial and not isolated activity within this state.

8. At all times material to this action, Defendant, KEYS POOL SERVICE, was and is a Florida limited liability company organized under the laws of the state of Florida. It has one or more managing member that is a citizen of Florida, namely managing member Nicholas Maddox, 400 Whitehead Street, Unit 4190, Key West, FL 33040.

*STEPHANIE ENERVOLD-MACIER v. Paradise Inn Hostel, LLC et al*
*Complaint*

9. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this action, based on the complete diversity of the parties and that the amount in controversy exceeds $75,000.

10. The incident giving rise to this Complaint occurred at the Paradise Inn located at 819 Simonton Street, Key West, Florida 33040 (the "Subject Hotel").

11. Pursuant to 28 U.S.C. § 1391, a substantial part of the events or omissions giving rise to the claim occurred in Key West, Monroe County, Florida. Therefore, venue is proper in the Southern District of Florida.

**General Allegations – The Subject Incident**

12. On January 29, 2020, Plaintiff, STEPHANIE ENERVOLD-MACIER, checked into the Subject Hotel. The Subject Hotel's grounds included a swimming pool and spa tub, which were intended for the use and consumption of the guests generally, including Plaintiff, STEPHANIE ENERVOLD-MACIER.

13. The Subject Hotel also had a potable water system and plumbing systems that were intended for and available for guests of the Subject Hotel, including Plaintiff, STEPHANIE ENERVOLD-MACIER.

14. Defendant, KEYS POOL SERVICE contracted with PARADISE INN and SMS. Pursuant to that/those contracts, Defendant, KEYS POOL SERVICE, was responsible for the maintenance, servicing, and testing of the pool and hot tub at the Subject Hotel, including monitoring for legionella bacteria.

15. The pool and hot tub at the Subject Hotel was of such type and character as to create a reasonably foreseeable risk of the growth, promotion, cultivation and presence of legionella bacteria in those bodies of water.

16. During her stay, Plaintiff, STEPHANIE ENERVOLD-MACIER, availed herself of

*STEPHANIE ENERVOLD-MACIER v. Paradise Inn Hostel, LLC et al*
*Complaint*

the water systems on the premises of the Subject Hotel, including the water in her room, common areas of the hotel premises, swimming pool and hot tub.

17. Each of the aforementioned water systems were used and consumed by STEPHANIE ENERVOLD-MACIER while at the Subject Hotel, in that the quantity of the water was deteriorated by her use and consumption.

18. The water in the hot tub was, at the time Plaintiff, STEPHANIE ENERVOLD-MACIER came in contact with it, heated and being rapidly circulated by the hot tub's whirlpool jets, which causes the water to steam, vaporize, and otherwise becomes aerosolized, allowing it to be inhaled, aspirated, and/or ingested by STEPHANIE ENERVOLD-MACIER.

19. The water in the pool was, at the time Plaintiff, STEPHANIE ENERVOLD-MACIER came in contact with it, being splashed and moved about, and STEPHANIE ENERVOLD-MACIER was submerged in said water. These activities caused the pool water to become aerosolized, allowing it to be inhaled, aspirated, and/or ingested by STEPHANIE ENERVOLD-MACIER.

20. STEPHANIE ENERVOLD-MACIER made use of the water systems in her hotel room and the Subject Hotel's common areas, and in the course of doing so experienced aerosolized water from the shower and water systems, and inhaled, aspirated, and/or ingested the Subject Hotel's water during the course of her stay.

21. One or more of the water systems enumerated above was contaminated with *legionella* bacteria.

22. Four days after leaving the Subject Hotel, STEPHANIE ENERVOLD-MACIER began to feel ill. She eventually sought medical treatment and was diagnosed with Legionnaires' disease, a disease only caused by exposure to *legionella* bacteria such as existed at the Subject Hotel during her stay. Her Legionnaires' disease has caused her severe, ongoing, permanent injury.

*STEPHANIE ENERVOLD-MACIER v. Paradise Inn Hostel, LLC et al*
*Complaint*

23. Later, STEPHANIE ENERVOLD-MACIER would learn that at least **four** guests at the Subject Hotel were diagnosed with Legionnaires' disease at or around the same time as her.

## COUNT I – NEGLIGENCE
### Against Defendant Paradise Inn Hostel, LLC

24. Paragraphs 1–22 are realleged as if restated verbatim herein.

25. DUTY: As operator of the premises, Defendant, PARADISE INN HOSTEL, had a legal duty and was responsible for the inspection, repair, and maintenance of its water systems (including in its hotel rooms and common areas), heating, hot water, ventilation, internal and external pools, spas and hot tubs and air conditioning systems at its premises (collectively, "Systems") and for all of its operating systems, particularly those systems which affected its invitees.

26. Defendant, PARADISE INN HOSTEL, had a duty to properly maintain the aforementioned Systems and premises in a reasonably safe manner so as not to subject guests, including but not limited to invitees such as STEPHANIE ENERVOLD-MACIER, to unreasonable risk of harm.

27. Defendant, PARADISE INN HOSTEL, had a further duty to warn its guests of any non-obvious perils which presented an unreasonable risk of harm.

28. BREACH: Defendant, PARADISE INN HOSTEL, breached its duty to STEPHANIE ENERVOLD-MACIER in one or more of the following ways, as Defendant, PARADISE INN HOSTEL, knew or should have known that its acts and/or omissions created an unreasonable risk of harm to its invitees, in failing to:

   (a) Adequately inspect its premises and its Systems for dangerous conditions, including but not limited to the presence of *legionella* bacteria;

   (b) Adequately inspect, monitor, and maintain its Systems when such inspections,

    monitoring, and maintenance would have discovered the presence of *legionella* bacteria;

(c) Make provision for the adequate inspection, monitoring, and maintenance of its Systems, when such inspection, monitoring, and maintenance would have disclosed the presence of *legionella* bacteria;

(d) Properly train and supervise its employees and others to whom it entrusted the care and maintenance of its Systems, in particular to recognize the presence of *legionella* bacteria and danger to those who come in contact with *legionella* bacteria;

(e) Adopt, enact, employ, and enforce proper and adequate maintenance programs, precautions, procedures, and plans for the detection of *legionella* bacteria in its Systems;

(f) Provide a reasonably safe environment for its invitees;

(g) Warn its invitees of the presence of *legionella* bacteria;

(h) Comply with federal, state, and local rules, regulations, and ordinances applicable to the operation of the hotel and its Systems;

(i) Perform and furnish services commensurate with the standard of care then and there prevailing in the hotel industry, when such service would have disclosed the presence of *legionella* bacteria; and

(j) Take appropriate action to correct the presence of *legionella* bacteria after it was notified of the presence of *legionella* bacteria at its premises.

29. <u>CAUSATION</u>: The negligence described above directly and proximately caused STEPHANIE ENERVOLD-MACIER's injuries and damages, in that it directly, and in a natural and continuous sequence, produced or contributed to such injuries and damages.

*STEPHANIE ENERVOLD-MACIER v. Paradise Inn Hostel, LLC et al*
*Complaint*

30. The negligent condition was created by Defendant, PARADISE INN HOSTEL. Alternatively, the negligent condition was known to Defendant, PARADISE INN HOSTEL, or had existed for a sufficient length of time so that Defendant, PARADISE INN HOSTEL, should have known of it.

31. DAMAGES: As a direct and proximate result of the foregoing, the Plaintiff, STEPHANIE ENERVOLD-MACIER, has sustained serious bodily injuries and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, embarrassment, humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical, and nursing care and treatment, loss of earnings, and the loss of the ability to earn money. These losses are permanent and continuing, and Plaintiff will continue to suffer these losses in the future.

**WHEREFORE**, Plaintiff, STEPHANIE ENERVOLD-MACIER, demands judgment against the Defendant, PARADISE INN HOSTEL, LLC, for damages, costs, interest, and other such relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE
**Against Defendant Standard Management Services Delaware, LLC**

32. Paragraphs 1–22 are realleged as if restated verbatim herein.

33. DUTY: As operator of the premises, Defendant, SMS, had a legal duty and was responsible for the inspection, repair, and maintenance of its water systems (including in its hotel rooms and common areas), heating, hot water, ventilation, internal and external pools, spas and hot tubs and air conditioning systems at its premises (collectively, "Systems") and for all of its operating systems, particularly those systems which affected its invitees.

34. Defendant, SMS, had a duty to properly maintain the aforementioned Systems and premises in a reasonably safe manner so as not to subject guests, including but not limited to

STEPHANIE ENERVOLD-MACIER v. Paradise Inn Hostel, LLC et al
Complaint

invitees such as STEPHANIE ENERVOLD-MACIER, to unreasonable risk of harm.

35. Defendant, SMS, had a further duty to warn its guests of any non-obvious perils which presented an unreasonable risk of harm.

36. <u>BREACH</u>: Defendant, SMS, breached its duty to STEPHANIE ENERVOLD-MACIER in one or more of the following ways, as Defendant, SMS, knew or should have known that its acts and/or omissions created an unreasonable risk of harm to its invitees, in failing to:

(a) Adequately inspect its premises and its Systems for dangerous conditions, including but not limited to the presence of *legionella* bacteria;

(b) Adequately inspect, monitor, and maintain its Systems when such inspections, monitoring, and maintenance would have discovered the presence of *legionella* bacteria;

(c) Make provision for the adequate inspection, monitoring, and maintenance of its Systems, when such inspection, monitoring, and maintenance would have disclosed the presence of *legionella* bacteria;

(d) Properly train and supervise its employees and others to whom it entrusted the care and maintenance of its Systems, in particular to recognize the presence of *legionella* bacteria and danger to those who come in contact with *legionella* bacteria;

(e) Adopt, enact, employ, and enforce proper and adequate maintenance programs, precautions, procedures, and plans for the detection of *legionella* bacteria in its Systems;

(f) Provide a reasonably safe environment for its invitees;

(g) Warn its invitees of the presence of *legionella* bacteria;

(h) Comply with federal, state, and local rules, regulations, and ordinances applicable to the operation of the hotel and its Systems;

(i) Perform and furnish services commensurate with the standard of care then and there prevailing in the hotel industry, when such service would have disclosed the presence of *legionella* bacteria; and

(j) Take appropriate action to correct the presence of *legionella* bacteria after it was notified of the presence of *legionella* bacteria at its premises.

37. CAUSATION: The negligence described above directly and proximately caused STEPHANIE ENERVOLD-MACIER's injuries and damages, in that it directly, and in a natural and continuous sequence, produced or contributed to such injuries and damages.

38. The negligent condition was created by Defendant, SMS. Alternatively, the negligent condition was known to Defendant, SMS, or had existed for a sufficient length of time so that Defendant, SMS, should have known of it.

39. DAMAGES: As a direct and proximate result of the foregoing, the Plaintiff, STEPHANIE ENERVOLD-MACIER, has sustained serious bodily injuries and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, embarrassment, humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical, and nursing care and treatment, loss of earnings, and the loss of the ability to earn money. These losses are permanent and continuing, and Plaintiff will continue to suffer these losses in the future.

**WHEREFORE**, Plaintiff, STEPHANIE ENERVOLD-MACIER, demands judgment against the Defendant, STANDARD MANAGEMENT SERVICES DELAWARE, LLC, for damages, costs, interest, and other such relief as this Court deems just and proper.

## COUNT III – NEGLIGENCE
**Against Defendant Keys Pool Service, LLC**

40. Paragraphs 1–22 are realleged as if restated verbatim herein.

*STEPHANIE ENERVOLD-MACIER v. Paradise Inn Hostel, LLC et al*
*Complaint*

41. <u>DUTY</u>: As the entity charged with maintaining one or more of the water systems on the premises, Defendant, KEYS POOL SERVICE, had a legal duty and was responsible for the inspection, repair, and maintenance of one or more water systems, including heating, hot water, ventilation, internal and external pools and spas and hot tubs at the Subject Hotel (collectively, "Systems") and for all of said Systems' operating systems.

42. Defendant, KEYS POOL SERVICE, had a duty to properly maintain the aforementioned Systems and in a reasonably safe manner so as not to subject guests, including but not limited to invitees such as STEPHANIE ENERVOLD-MACIER, to unreasonable risk of harm.

43. <u>BREACH</u>: Defendant, KEYS POOL SERVICE, breached its duty to STEPHANIE ENERVOLD-MACIER in one or more of the following ways, as Defendant, KEYS POOL SERVICE, knew or should have known that its acts and/or omissions created an unreasonable risk of harm to invitees on the premises, in failing to:

(a) Adequately inspect its premises and its Systems for dangerous conditions, including but not limited to the presence of *legionella* bacteria;

(b) Adequately inspect, monitor, and maintain its Systems when such inspections, monitoring, and maintenance would have discovered the presence of *legionella* bacteria;

(c) Make provision for the adequate inspection, monitoring, and maintenance of its Systems, when such inspection, monitoring, and maintenance would have disclosed the presence of *legionella* bacteria;

(d) Properly train and supervise its employees and others to whom it entrusted the care and maintenance of its Systems, in particular to recognize the presence of *legionella* bacteria and danger to those who come in contact with *legionella* bacteria;

(e) Adopt, enact, employ, and enforce proper and adequate maintenance programs,

      precautions, procedures, and plans for the detection of *legionella* bacteria in its Systems;

  (f) Perform and furnish services commensurate with the standard of care then and there prevailing in the hotel industry, when such service would have disclosed the presence of *legionella* bacteria; and

  (g) Take appropriate action to correct the presence of *legionella* bacteria after it was notified of the presence of *legionella* bacteria at its premises.

44.   <u>CAUSATION</u>: The negligence described above directly and proximately caused STEPHANIE ENERVOLD-MACIER's injuries and damages, in that it directly, and in a natural and continuous sequence, produced or contributed to such injuries and damages.

45.   The negligent condition was created by Defendant, KEYS POOL SERVICE. Alternatively, the negligent condition was known to Defendant, KEYS POOL SERVICE, or had existed for a sufficient length of time so that Defendant, KEYS POOL SERVICE, should have known of it.

46.   <u>DAMAGES</u>: As a direct and proximate result of the foregoing, the Plaintiff, STEPHANIE ENERVOLD-MACIER, has sustained serious bodily injuries and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, embarrassment, humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical, and nursing care and treatment, loss of earnings, and the loss of the ability to earn money. These losses are permanent and continuing, and Plaintiff will continue to suffer these losses in the future.

**WHEREFORE**, Plaintiff, STEPHANIE ENERVOLD-MACIER, demands judgment against the Defendant, KEYS POOL SERVICE, LLC, for damages, costs, interest, and other such relief as this Court deems just and proper.

*STEPHANIE ENERVOLD-MACIER v. Paradise Inn Hostel, LLC et al*
*Complaint*

## Jury Demand

Plaintiff hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, STEPHANIE ENERVOLD-MACIER, prays that upon final judgment she may have and recover: judgment against Defendants, PARADISE INN HOSTEL, LLC, STANDARD MANAGEMENT SERVICES DELAWARE, LLC, and KEYS POOL SERVICE, LLC, pre-judgment interest as allowed by law; post-judgment interest as allowed by law; actual damages; costs and expenses of suit; and any other such relief, at law or equity, to which Plaintiff may be justly entitled.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to Defendant via service of process.

Dated: August 24, 2021

/s/ Shane A. Newlands
SHANE A. NEWLANDS, ESQUIRE
Florida Bar No.: 116908
WILLIAM L. CLARK, ESQUIRE
Florida Bar No.: 089785
JEREMIAH C. FUES, ESQUIRE
Florida Bar No: 1010491
NEWLANDS AND CLARK
11161 East State Road 70, Suite 110-168
Lakewood Ranch, FL 34202
Telephone: (727) 608-4335
Primary Email:   shane@newlandsclark.com
Secondary Email: lee@newlandsclark.com
Secondary Email: fues@newlandsclark.com
Secondary Email: lexi@newlandsclark.com
*Counsel for Plaintiff*